UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>-v-<br>CHRISTOPHER ANDREWS,<br>Defendant. | 26cr180(DLC)<br>ORDER |

DENISE COTE, District Judge:

Trial in this case is scheduled to begin on October 13, 2026 at 9:30 AM. Accordingly, it is hereby

ORDERED that any Rule 404(b) motions and motions in limine shall be filed by **September 18, 2026;** opposition shall be filed by **September 25, 2026.** Two courtesy copies shall be delivered by counsel to Chambers on the same day.

IT IS FURTHER ORDERED that any written Voir Dire requests, Requests to Charge or Trial Memorandum, shall be filed by **September 25, 2026.** Two courtesy copies shall be delivered by counsel to Chambers on the same day.

IT IS FURTHER ORDERED that the final pretrial conference is scheduled for **October 1, 2026** at **2:30 PM** in Courtroom 18B, 500 Pearl Street.

The Court's Individual Rules of Trial Practice in Criminal Cases are enclosed.

Dated: New York, New York
August 31, 2026

DENISE COTE
United States District Judge

Revised: April 1, 2021

**INDIVIDUAL RULES OF PRACTICE IN CRIMINAL CASES**
**DENISE COTE, UNITED STATES DISTRICT JUDGE**

**Chambers**

United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007
(212) 805-0202

**Courtroom**

Courtroom 18B
500 Pearl Street
New York, New York 10007

**TRIAL PRACTICE IN CRIMINAL CASES**

1. Any Voir Dire requests, Requests to Charge or Trial Memorandum, should be filed the Thursday prior to trial unless otherwise ordered. One courtesy copy should be delivered to Chambers that same day.

2. Trials will generally be conducted Monday through Thursday from 9:00 a.m. to 5:00 p.m. The Court will be available to meet with counsel from 9 a.m. to 9:30 a.m. Testimony will begin at 9:30 a.m. A luncheon recess will run from 12:45 p.m. to 2 p.m. Jurors may deliberate on Fridays.

3. Jurors will be selected by the struck panel method as described on the attachment.

4. Exhibits should be pre-marked.

5. At the start of the trial the Government should provide the Court with three copies of the exhibit list, and one set of pre-marked documentary exhibits and Section 3500 material assembled sequentially in a loose-leaf binder, or in separate manila folders labelled with the exhibit numbers and placed in a suitable container for ready reference.

6. Sidebars during jury trials are discouraged. Counsel are expected to anticipate any problems that might require argument and to raise those issues with the Court in advance of the time that the jury will be hearing the evidence.

7. If counsel intend to distribute copies of documentary exhibits to the jury, make a separate copy for each juror.

8. Counsel should make certain that they have custody of all original exhibits. The Court does not retain them and the Clerk is not responsible for them.

**STRUCK PANEL JURY SELECTION**

The Court will conduct a voir dire of the number of panelists computed by combining the number of jurors to be selected and the number of peremptory challenges. In the ordinary case with two alternate jurors, there will be a voir dire of 32 panelists. After the voir dire, we will determine whether there are any challenges for cause. Each panelist removed for cause will be replaced, so that there is a full panel before any peremptory challenges are exercised.

Next, peremptory challenges are exercised against the panelists who compose the potential members of the regular jury, that is, against the first 28 panelists. Peremptory challenges will be exercised simultaneously, with the Government and the defendant/defendants each submitting a written list of the six and ten panelists, respectively, that they wish to excuse. Any overlap among the lists of challenges will not result in parties receiving additional challenges. The twelve jurors will be selected starting with the unchallenged juror with lowest number. For example, if there was an overlap, the fifteen challenged panelists would be excused and the first twelve of the remaining thirteen would be seated. The thirteenth juror, that is, the unchallenged juror with the highest number, would also be excused.

Finally, peremptory challenges are exercised against the panelists who compose the potential alternate jurors, that is, against panelists twenty-nine through thirty-two. Again, peremptory challenges will be exercised simultaneously. In the event of an overlap in challenges, the jurors will be selected from those with the lowest numbers.