UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>- v. -<br><br>CHRISTOPHER ANDREWS,<br><br>Defendant. | CONSENT PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY<br><br>26 Cr. 180 (DLC) |

WHEREAS, on or about May 13, 2026, CHRISTOPHER ANDREWS (the "Defendant"), was charged in a one-count Indictment, 26 Cr. 180 (DLC) (the "Indictment"), with possession of a firearm and ammunition after a felony conviction, in violation of Title 18, United States Code, Section 922(g)(1) (Count One);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), of any and all firearms and ammunition involved in or used in the offense charged in Count One of the Indictment, including but not limited to the following items:

a. A Taurus USA .357 caliber black and silver revolver, model 605, bearing a defaced serial number, and described on NYPD Invoice No. 2001378377;

b. A .40 caliber Smith & Wesson cartridge, NYPD Invoice No. 2001378455;

c. Five .38 caliber cartridges, NYPD Invoice No. 2001378377; and

d. A magazine loaded with ten 9mm Luger cartridges, NYPD Invoice No. 2001378455

(a. through d., collectively, the "Firearms and Ammunition")

WHEREAS, on or about September 15, 2026, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), all right, title and interest of the Defendant in the Firearms and Ammunition;

WHEREAS, the Defendant consents to the forfeiture of all his right, title and interest in the Firearms and Ammunition that was seized by the Government on or about August 10, 2024, in the Bronx, New York (the "Specific Property"), as a firearm and ammunition involved in or used in the offense charged in Count One of the Indictment; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney James M. McDonald, United States Attorney, Assistant United States Attorney Cecilia Vogel, of counsel, and the Defendant and his counsel, Lauren Di Chiara, Esq., that:

1. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant CHRISTOPHER ANDREWS, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property, the United States Customs and Border Protection (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional

facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

10. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

By: [signature] 9/15/26
DATE

Cecilia Vogel
Assistant United States Attorney
26 Federal Plaza, 38th Floor
New York, NY 10278
(212) 637-1084

CHRISTOPHER ANDREWS

By: [signature] 9-15-26
Christopher Andrews
DATE

By: [signature] 9/15/2026
DATE

Lauren Di Chiara, Esq.
Attorney for Defendant
52 Duane Street, 10th Floor
New York, NY 10007

SO ORDERED:

[signature] September 15, 2026
HONORABLE DENISE L. COTE
UNITED STATES DISTRICT JUDGE
DATE